THOMAS S. BANKS *vs.* CHARLES O. CONANT.

The father of a minor who enlisted as a soldier cannot recover from the person through whose agency he enlisted, a sum paid to such person by the city, as bounty for the enlistment.

CONTRACT for $125, money had and received. The following facts were agreed in the superior court:

The plaintiff's minor son, Joseph A. Banks, left his home in Medford and enlisted on or about May 10th 1864 as part of the quota of the city of Boston, without the plaintiff's knowledge, The defendant had never 'been in the recruiting business. Joseph met the defendant in Boston, and the defendant asked him if he wished to enlist, to which Joseph replied that he had some idea of it; and the defendant offered to assist him, and get him into the service of the United States, cautioning him to look out for substitute brokers. The defendant accordingly assisted Joseph to enlist, and afterwards on the same day received $125, the ward bounty for the enlistment of Joseph, as provided by *St.* 1864, *c.* 103, and a city ordinance of Boston passed in accordance therewith; and also the further sum of fifteen dollars, which was given by the ward officers on that day to those bringing in recruits. Up to this time, nothing had been said by either party in regard to the ward bounty. The next day the defendant of his own motion returned to the barracks, sought out Joseph, and gave him fifty dollars, saying it was received on account of his enlistment. Joseph then asked the defendant what he should pay him, and the defendant re plied, nothing, as he was satisfied; but Joseph insisted that he should take something, and finally the defendant accepted five dollars. The defendant never paid Joseph or the plaintiff any other money; and the plaintiff, learning the facts, demanded one hundred and twenty-five dollars of the defendant, and the latter refused to pay the same, or any part thereof.

Judgment was rendered for the plaintiff, and the defendant appealed to this court.

*G. Z. Adams,* for the defendant, cited *Commonwealth* v. *Norton,* 11 Allen, 110.

*A. Richardson & L. W. Osgood,* for the plaintiff.

BIGELOW, C. J.   In consideration of the duty which the law imposes on a father to furnish adequate support to his child during infancy, the services of the child during that period are due to the father, and, if they are rendered to a third person, the right of the father to recover the value thereof is clear and indisputable.   But this is the extent of the father's right.   He has no title to the property of the child, nor is the capacity or right of the latter to take property or receive money by grant, gift or otherwise, except as a compensation for services, in any degree qualified or limited during minority.   Whatever therefore an infant acquires which does not come to him as a compensation for services rendered, belongs absolutely to him, and his father cannot interpose any claim to it, either as against the child, or as against third persons who claim title or possession from or under the infant.

These familiar principles are decisive against the right of the plaintiff to maintain this action.   The money which the defendant received was not paid for any services which the plaintiff's minor son had rendered or had agreed to render.   His pay as an enlisted soldier was a definite and fixed sum each month, given and received as an adequate compensation for the time and labor which it was his duty to render in the military service of the United States.   But the money which is the subject of this action was paid for a very different purpose.   It was a bounty or gratuity given to the recruit for the purpose of inducing him personally to undertake a service of an arduous and hazardous nature, into which his father had no power or authority to compel him to enter, and which the minor was under no legal obligation to assume.   The consideration of the payment was solely the assent of the minor to the agreement or contract of enlistment by which he was bound to render the prescribed service or duty.   The decisive test of this is, that his right to the bounty was complete and irrevocable, although he might not have been able by reason of injury, illness, sudden death or

other cause, to perform any duty or render any substantial service under the contract into which he had been induced to enter by reason of the bounty. The money was not paid as an. equivalent for services, and, as these are the sole foundation on which the claim of the father rests, it necessarily follows that the latter shows no title to the money, in the hands of the defendant, which is sought to be recovered in this action. It has been held in England that money due to apprentices for bounties or prize money to which they become entitled while in the naval service cannot be recovered by their masters. *Carson* v. *Watts*, 3 Doug. 350. *Eades* v. *Vandeput*, 4 Doug. 1.

*Judgment for the defendant.**

---

* That the soldier may maintain an action for money had and received in such case, see *Sullivan* v. *Fitzgerald*, 12 Allen, 482.